IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NATHAN WILLIAMS, # 260111, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:13cv6-WHA |
| ) | (WO) |
| GARY HETZEL, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus filed by Alabama inmate Nathan Williams ("Williams") on January 3, 2013.[1] *Doc. No. 1*. Williams challenges the Circuit Court of Houston County's denial of his application to proceed *in forma pauperis* on his state petition for post-conviction relief under Ala.R.Crim.P. 32, which is his third Rule 32 petition attacking his 2007 Houston County convictions for first-degree rape and first-degree sexual abuse. For the reasons that follow, the court finds that Williams's federal petition should be denied.

---

[1] Williams styles his petition as one for relief under 28 U.S.C. § 2241. However, he is in custody pursuant to the judgment of a state court, the Circuit Court of Houston County, Alabama. Therefore his petition is subject to the procedural requirements of 28 U.S.C. § 2254. *See Medberry v. Crosby*, 351 F.3d 1049, 1054, 1062 (11th Cir. 2003); 28 U.S.C. § 2254(b)(1). "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004). Williams does not offer a valid reason for bringing his request for relief under § 2241 rather than under § 2254. Thus, the court will treat his petition for habeas corpus relief as one filed under 28 U.S.C. § 2254 and will apply any procedural restrictions applicable to § 2254 petitions to his petition.

## II.  DISCUSSION

A.  *"Denial of Access to Courts"*

Williams suggests that he was denied access to the courts when the Circuit Court of Houston County denied his application to proceed *in forma pauperis* on his state Rule 32 petition.  *Doc. No. 1* at 6.  However, the proper vehicle for a state prisoner to assert a "denial of access to courts" claim is a civil rights action under 42 U.S.C. § 1983, not a habeas corpus action.  *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).  Moreover, a determination by a state court that a petitioner seeking post-conviction relief should not be permitted to proceed *in forma pauperis* falls outside the purview of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which restricts federal habeas relief to claims that a state prisoner is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c); *see, e.g., Carroll v. Price*, 2015 WL 225468, at *7 (N.D. Ala. Jan. 16, 2015) (unpublished); *Tyler v. Crawford*, 2008 WL 596218, at *1 (E.D. Mo. Mar. 4, 2008) (unpublished).  Accordingly, to the extent that Williams' claims are viewed solely as challenges to the state court's denial of his *in forma pauperis* application (and not as challenges to the validity of his convictions), he fails to present a claim within the scope of federal habeas review.

B.  *Any Challenge by Williams to His Conviction and Sentence Is Untimely under the AEDPA*

To the extent that Williams's instant habeas petition is considered as an attempt to challenge his 2007 Houston County convictions for first-degree rape and first-degree sexual

2

abuse, his petition is time-barred under the AEDPA.

Title 28 U.S.C. § 2244(d) of the AEDPA provides the statute of limitations for federal habeas petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

On September 14, 2007, a Houston County jury found Williams guilty of first-degree rape, in violation of § 13A-6-61(a)(1), Ala. Code 1975, and first-degree sexual abuse, in violation of § 13A-6-66(a)(1), Ala. Code 1975. *See Resp'ts Ex. D* at 1. On October 1, 2007,

the trial court sentenced Williams to serve consecutive terms of 99 years in prison on the rape conviction and 20 years in prison on the sexual-abuse conviction. *Id*. Williams appealed, and on December 12, 2008, the Alabama Court of Criminal Appeals affirmed his convictions and sentence in an unpublished memorandum. *Id*.; *see also Resp't's Ex. A* at 30. Williams applied for rehearing, which was overruled. The Alabama Supreme Court denied his subsequent petition for writ of certiorari, and a certificate of judgment was issued on March 13, 2009. *Resp't's Ex. D* at 1.

Section 2244(d)(1)(A) of the AEDPA provides that the one-year limitation period for filing a federal petition for writ of habeas corpus begins to run upon the conclusion of direct review or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Because Williams filed a petition for writ of certiorari with the Alabama Supreme Court and the certificate of judgment on his direct appeal was issued on March 13, 2009, his conviction became final for purposes of habeas review – and the one-year limitation period in § 2244(d)(1)(A) began to run – 90 days later, on June 11, 2009, when the time expired for him to seek certiorari review in the United States Supreme Court. *See Sibley v. Culliver*, 377 F.3d 1196, 1198-99 (11th Cir. 2004); *Stafford v. Thompson*, 328 F.3d 1302, 1303 (11th Cir. 2003); *Coates v. Byrd*, 211 F.3d 1225, 1225-27 (11th Cir. 2000); Rule 13.1, *Rules of the United States Supreme Court*. Under § 2244(d)(1)(A), then, the one-year limitation period for Williams to file a federal habeas petition commenced on June 11, 2009.

Williams filed his first state Rule 32 petition on June 29, 2009. *See Resp't's Ex. D* at

1. Under § 2244(d)(2), that filling tolled the one-year limitation period for filing a federal habeas petition. *See Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001); 28 U.S.C. § 2244(d)(2). At that time, the federal limitation period had run for 18 days (from June 11, 2009, to June 29, 2009). The trial court denied the Rule 32 petition on July 6, 2009. *See Resp't Ex. A* at 2. Williams appealed, and on December 4, 2009, the Alabama Court of Criminal Appeals affirmed the judgment denying the Rule 32 petition. *Resp't Ex. D*. Williams applied for rehearing, which was overruled. The Alabama Supreme Court denied his subsequent petition for writ of certiorari, and a certificate of judgment was issued on September 10, 2010. *Resp't Exs. E & F*. With the conclusion of the Rule 32 proceedings in state court on September 10, 2010, the federal limitations period in § 2244(d) began to run again. At that time, Williams had 347 (365 - 18) days remaining within which to file a timely federal habeas petition. Absent further tolling, he therefore had until August 23, 2011, to file a timely petition.

Williams filed a second Rule 32 petition on October 30, 2011. However, that filing took place after the federal limitations period had run and thus had no tolling effect under § 2244(d)(2).[2] *See Tinker*, 255 F.3d at 1333 (where the state court application for post-conviction relief is filed after the one-year statute of limitations has expired, it does not toll the statute because no time remains to be tolled). The limitations period had run unabated after September 10, 2010, before expiring on August 23, 2011.

---

[2] The trial court denied Williams's second Rule 32 petition on November 28, 2011. Williams did not appeal from that denial. *Resp't Ex. L.*

5

Like his second Rule 32 petition, Williams's third Rule 32 petition, which was filed on June 29, 2012 (*Resp'ts Ex. M*) had no tolling effect under § 2244(d)(2), because the federal limitations period had already expired by the time it was filed. The trial court's denial of Williams's application to proceed *in forma pauperis* on his third Rule 32 petition, which Williams challenge in his instant habeas petition, is immaterial for purposes of whether Williams is entitled to federal habeas relief.  The AEDPA's one-year limitation period expired on August 23, 2011.  Williams's instant petition, which was filed on January 3, 2013, is clearly untimely under § 2244(d)(1)(A).[3]

Under the circumstances set forth above, Williams's petition for writ of habeas is time-barred.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus be DENIED with prejudice and this case dismissed because (1) to the extent Williams's claims are viewed solely as challenges to the state court's denial of his

---

[3] The provisions of §§ 2244(d)(1)(B)-(D) do not provide safe harbor for Williams such that the federal limitation period commenced on some date other than June 11, 2009. There is no evidence that any unconstitutional or illegal State action impeded Williams from filing a timely federal petition. *See* 28 U.S.C. § 2244(d)(1)(B).  Williams presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C).  Finally, he submits no grounds for relief for which the factual predicate could not have been discovered at an earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).  Williams also fails to set forth facts that demonstrate the existence of "extraordinary circumstances" and the exercise of due diligence to warrant equitable tolling of the limitation period in his case. *See Holland v. Fla.*, 560 U.S. 631 (2010)*; Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

*in forma pauperis* application and not as challenges to the validity of his convictions, Williams fails to present a claim within the scope of federal habeas review; and (2) to the extent that Williams's petition is considered as an attempt to challenge his 2007 Houston County convictions for first-degree rape and first-degree sexual abuse, it is time-barred under the one-year limitations period in 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before June 2, 2015. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 19th day of May, 2015.

>	/s/ Susan Russ Walker
>	SUSAN RUSS WALKER
>	CHIEF UNITED STATES MAGISTRATE JUDGE